# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VICTOR M. MALDONADO,**

                **Plaintiff,**

**-vs-**                                      **Case No.  6:04-cv-1771-Orl-31KRS**

**LAND-RON, INC.,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR FINAL DEFAULT JUDGMENT BY CLERK (Doc. No. 11)** |
| **FILED:** | **April 11, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

## I.      BACKGROUND.

       On December 3, 2004, the plaintiff, Victor M. Maldonado, filed a complaint against the defendant Land-Ron, Inc. (Land-Ron) alleging violations of the Fair Labor Standards Act (FLSA). Doc. No. 1.  After Maldonado perfected service of his complaint on Land-Ron, Land-Ron failed to answer or otherwise respond to the complaint.  Doc. No. 8.  Thereafter, Maldonado moved for

entry of a clerk's default, which was entered on April 8, 2005.  Doc. Nos. 7, 10.  Next, Maldonado

filed the present motion for default judgment on April 11, 2005.

Subsequently, on May 2, 2005, Maldonado filed an amended complaint adding as

defendants Ronald H. Karpuik and Roy H. Karpuik, who are officers, directors, or managers of

Land-Ron.  Doc. No. 12.  A summons issued to the Karpuiks on May 2, 2005, and there has been

no subsequent activity in this case.  Doc. No. 13.  The instant motion for default judgment presents

the issue of whether the Court may grant a default judgment with respect to a defaulting defendant,

while the proceedings with respect to other defendants who may be jointly and severally liable

with the defaulting defendant remain pending.

## II.    THE *FROW* RULE.

In *Frow v. De La Vega*, 15 Wall. (82 U.S.) 552 (1872), the plaintiff filed a complaint in

which he alleged that fourteen defendants conspired to defraud him out of a large tract of land.

Frow, who was one of the named defendants, did not timely answer the complaint, but the other

defendants did appear and answer.  *Id.* at 554.  A final judgment was entered against Frow.  *Id.*

The other defendants prevailed on the merits at trial.  *Id.*  Frow appealed from the entry of final

judgment against him.  The United States Supreme Court was confronted with the question of

whether the court properly entered a final judgment against Frow before the merits of the claims

were decided with respect to Frow's alleged co-conspirators.  The Court held that it did not,

reasoning as follows:

> If the court in such a case as this can lawfully make a final decree
> against one defendant separately, on the merits, while the cause was
> proceeding undetermined against the others, then this absurdity
> might follow: there might be one decree of the court sustaining the
> charge of joint fraud committed by the defendants; and another
> decree disaffirming the said charge, and declaring it to be entirely

> unfounded, and dismissing the complainant's bill. . . . Such a state of
> things is unseemly and absurd, as well as unauthorized by law.

*Id.*

*Frow* remains good law.  Some courts have concluded, however, that *Frow* is inapplicable in cases in which the defendants would be jointly *and severally* liable, provided that different results as to different defendants would not be logically inconsistent or contradictory.  *See, e.g., In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir. 1980).  In *In re Uranium Antitrust Litigation*, the court determined that it was appropriate to enter a default judgment regarding liability with respect to nine defendants alleged to have participated with other defendants in a price-fixing conspiracy, because liability was joint and several and the court could foresee no danger of inconsistent results on the issue of liability.  *Id.* at 1257.  However, the court determined that "[t]he possibility of two distinct determinations as to the damages arising out of a single price-fixing claim is, indeed, an inconsistency."  *Id.* at 1262.   It reasoned as follows: "While the liability of each defendant presents separate and distinct issues entirely independent of each other, there is a single unified damage to the plaintiff."  *Id.* at 1263.  Therefore, the court held that a default judgment could be entered as to liability, but the determination of damages must be made after the claims against defendant had been resolved.  *Id.* at 1262.

The United States Court of Appeals for the Eleventh Circuit appears to read *Frow* more broadly.  In *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984), a dispute arose regarding the enforceability of exclusive distributorship agreements concerning DEMC ceiling fans.  While the facts of the case are complicated, in summary Gulf Coast Fans, Inc. ("Gulf Coast"), had agreements with Pax & Company ("Pax") and Midwest

Electronics Importers ("Midwest"), pursuant to which Pax was the exclusive exporter of DEMC ceiling fans from Hong Kong to the United States, Midwest was the exclusive importer of the fans into the continental United States, and Gulf States was the exclusive distributor of the fans in the United States. *Id.* at 1501-02. When the business relationships between these companies went awry, Gulf States sued Midwest and Pax for breach of contract, among other things. *Id.*

On the morning of trial, Pax, through its counsel, stated that it would no longer proceed in the case. *Id.* at 1505. A default was entered against Pax and, thereafter, the court entered a default judgment against Pax awarding $525,775.47 plus costs to Gulf Coast for breach of contract. *Id.* at 1506.

Thereafter, the breach of contract claim between Gulf Coast and Midwest was tried to a jury. "[T]he jury found, in essence, that Gulf Coast had a contract with Midwest that encompassed the parties' written agreement, their course of dealings, and their relationships with PAX and DEMC, and that Gulf Coast breached the agreement first, thereby justifying Midwest's later act of refusing to import DEMC fans exclusively for Gulf Coast." *Id.* at 1509. Therefore, judgment was rendered in favor of Midwest and against Gulf Coast on the breach of contract claim.

Pax moved to set aside the default judgment, arguing, among other things, that the jury verdict in the Midwest trial finding that Gulf Coast was the first party to breach the distributorship contracts exonerated Pax from liability. *Id.* at 1510. The court considered the applicability of *Frow* in these circumstances. It approved a reading of *Frow* that would apply "when defendants are similarly situated, but not jointly liable," noting that it would be "incongruous and unfair to allow Gulf Coast to collect half a million dollars from PAX on that contract that the jury found was breached by Gulf Coast." *Id.* at 1512. It remanded the case with directions to vacate the

default and to consider various legal questions, including whether Pax was entitled to introduce evidence as to damages.  *Id.*

**III.    ANALYSIS.**

According to the allegations of Maldonado's amended complaint,[1] the Karpuiks were officers or managers of Land-Ron and were substantially in control of the terms and conditions of Maldonado's work.  Doc. No. 12 ¶¶ 6-8.   "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [minimum] wages.'"  *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).  "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.  Therefore, based on Maldonado's allegations, the Karpuiks would be his employers under the FLSA, and would be jointly and severally liable along with Land-Ron for any damages owed to Maldonado under that statute.  *See Patel*, 803 F.2d at 637-38.

It is premature to seek a default judgment when defaulting and non-defaulting defendants could be jointly and severally liable for a plaintiff's damages under the FLSA.  If the Court ultimately finds that the Karpuiks were Maldonado's employers under the FLSA, but were not liable to Maldonado for unpaid wages, then this result would be incongruous with a judgment against Land-Ron based on the same employment relationship and events.  Thus, the Court should

---

[1]  Land-Ron is only held to admit to the facts alleged in the original complaint, which do not included the Karpuiks as defendants.  However, the fact that the original complaint, by itself, does not implicate inconsistent judgments, does not change the fact further proceedings in this case, anchored by the amended complaint, could result in inconsistent judgments.

not grant the present motion with respect to Land-Ron while Maldonado's claims against the

Karpuiks remain pending because these parties are similarly situated as Maldonado's employers.

*Gulf Coast Fans*, 740 F.2d at 1512.

## IV.    RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court deny the motion

for default judgment without prejudice to renewing it, if appropriate, within eleven days after a

decision is reached as to the Karpuiks.  I further recommend that the Court require that any

renewed motion for default judgment be supported by the following: (1) a memorandum of law

addressing the elements of each claim and citing to the portions of the operative pleading that

establish each element; and, (2) evidence of the damages Maldonado seeks, including the

reasonable hourly rate and reasonable number of hours worked by his attorneys.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2005.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy